IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUNDS, <br><br> Plaintiffs, <br><br> v. <br><br> REGENCY DECORATING, INC., a dissolved Illinois corporation; JOHN CAMPISI, Individually and d/b/a REGENCY DECORATING, INC., REGENCY GROUP OF ILLINOIS, INC., an Illinois corporation, and JOSEPH CAMPISI, Individually. <br><br> Defendants. | No. 14 C 2893 <br><br> Judge Ellis <br><br> Magistrate Judge Cole |

## MOTION FOR JUDGMENT IN A SUM CERTAIN

NOW COME the Plaintiffs, by and through their attorneys, and, in their Motion for Default & Audit Order, state as follows:

1. Plaintiffs filed their Complaint against all Defendants except Joseph Campisi on April 23, 2014, and obtained service on the Defendants on June 19, 2014.

2. The Complaint alleged:

   a. John Campisi operated Union-signatory-contractor Regency Decorating, Inc., as a sole proprietorship following its dissolution, and that, therefore, the Court should order John Campisi d/b/a Regency Decorating, Inc. to submit to an

ERISA fringe benefit contribution audit from January 7, 2011 through the present, and enter a judgment for the audit's findings;

  b. Regency Group operated as a successor or alter ego to Regency Decorating, Inc. and John Campisi d/b/a Regency Decorating, Inc., and that, therefore, the Court should order Regency Group, Inc. to submit to an ERISA fringe benefit contribution audit from January 7, 2011 through the present, and enter a judgment for the audit's findings.

3. On July 28, 2014, this Court entered a default against those Defendants, rendering Plaintiffs' allegations against those Defendants admitted, and ordered them to submit to audit.

4. Plaintiffs filed a First Amended Complaint, adding a new count against Joseph Campisi, alleging his personal liability for the other Defendants' contribution delinquency pursuant to a collective bargaining agreement provision imposing personal liability where a signatory contractor works without procuring a wage and welfare bond.

5. Plaintiffs filed the First Amended Complaint on April 6, 2015, and served Joseph Campisi on April 22, 2015.

6. This Court afforded Campisi through May 18, 2015 to respond to the Amended Complaint. But, as of the date of filing of this Motion, Defendant Campisi has failed to answer or otherwise plead. Accordingly, Joseph Campisi is now also in default.

7. According to the Affidavit of Richard Wolf, attached hereto, the audit of the records of Defendants Regency Decorating, Inc. and Regency Group of Illinois, revealed contribution arrearages in the amount of $225,093.34 for the period from June 1, 2011 through September 30, 2014. This amount consists of $194,205.08 in contributions, $29,130.76 in liquidated

damages, $1,757.50 for audit costs, and $34,487.14 for unpaid liquidated damages for the period from June, 2011 through February, 2015, for a total of $257,480.48.

8. By his default, Defendant John Campisi admitted he operated Regency Decorating, Inc. since May 15, 2010 Individually in the name of a non-existent corporation, and thus rendered himself individually liable for the debts of Regency Decorating.

9. By their default, Defendants admitted Regency Group of Illinois, Inc., operated as a successor and alter ego to Regency Decorating, Inc., in both its corporate form and as John Campisi's sole proprietorship. As a matter of law, therefore, Regency Group was bound to Regency Decorating's Collective Bargaining Agreement.

10. By his default, Joseph Campisi admitted the Collective Bargaining Agreement requires employers to provide a bond in order to insure prompt payment of fringe benefit fund contributions and wages; that the failure to provide the bond imposes personal liability upon corporate officials of the company who are empowered to execute agreements or sign checks on behalf of the corporation; and that he was the president of Regency Group of Illinois, and was, thus, empowered to execute agreements.

11. According to the Affidavit of Tracy Kuntzman, attached hereto as Exhibit 2, neither Regency Decorating, Inc., nor Regency Group of Illinois provided the bonds as required by the Collective Bargaining Agreeement, and therefore they are personally liable for the debts owed by the Defendant corporations.

WHEREFORE, Plaintiffs pray that this Court enter the proposed Order attached a Exhibit 3.

                                  Respectfully submitted,

                                  S/   James R. Anderson
                                One of Plaintiffs' attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
ARNOLD AND KADJAN
203 North LaSalle Street, Suite 1650
Chicago, IL 60601
(312)236-0415